# DECLARATION

I, Matthew La Valley, pursuant to Title 28, United States Code, Section 1746, under penalty of perjury, and pursuant to the laws of the United States, state that the following information is true and correct to the best of my knowledge, information, and belief:

1.      I am an investigative law enforcement officer of the United States within the meaning of 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18. In December 2018, I became a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am currently assigned to the ATF, Charlotte Field Division, Greensboro District Office.

2.      In June 2013, I completed Basic Law Enforcement Training and was employed as a law enforcement office with the Winston-Salem Police Department (WSPD). In 2016, I was assigned to the Street Crimes Unit, with the primary responsibilities to investigate quality of life criminal activity, which includes but is not limited to street level narcotics distribution and fugitive apprehension. In 2019, I was assigned to the Violent Firearms Investigation Team as a Detective, where I investigate firearm related offenses, which often include the use or threatened use of a firearm during the commission of a criminal offense. In April 2021, I was promoted to Corporal.

3.      I have received over 1,800 hours of law enforcement related training. I have been trained in the purchase of narcotics through various street level operations through the use of confidential sources. In August 2016, I attended a Police Law Institute class that



GOVERNMENT EXHIBIT

____A____

focused on police search and seizure. In October 2016, I attended Drug Investigation for Uniformed Officers training. In November 2016, I attended Narcotic Investigation Techniques training. In March 2017, I attended a course on Criminal Fugitive Apprehension and Investigation Techniques. In October 2018, I attended Roadside Interview Techniques.

4.     I have participated in hundreds of cases that involved violations of state and federal laws that govern controlled substances and related crimes. I have also worked numerous cases in which undercover officers and/or confidential sources acting at my direction have purchased illegal substances. I have written at least 200 search warrants and participated, directly or indirectly, in the execution of over 500 search warrants. I have made over 300 drug arrests which resulted in state and/or federal prosecutions. These investigations have involved cocaine hydrochloride, cocaine base, marijuana, heroin, ecstasy, various prescription pills, and methamphetamine "ICE." Based on my knowledge, training, and experience, I am aware of and familiar with the different types of controlled substances, and the way controlled substances are packaged, distributed, and sold. I also am aware of and familiar with the manners in which drug proceeds are packaged, concealed, comingled, and transported to prevent detection by law enforcement.

5.     This declaration is submitted in support of a Verified Complaint of Forfeiture for $113,827.00 in U.S. Currency, a Colt Mustang XSP .380 caliber pistol (S/N: MP01727), a Rossi M88 .38 caliber revolver (S/N: W231730), and an assortment of .380 caliber and 9 mm ammunition, seized on June 2, 2025, from Erik Alberto TELLEZ in Winston-Salem, North Carolina.

6.	The facts and circumstances set forth in this Declaration are based upon information provided by other law enforcement officers and my own personal knowledge and experience. Since this Declaration is being submitted for a limited purpose, I am not including all the facts and information that I and other law enforcement officers have learned during the underlying investigation.

7.	Based on the investigation described below, there is probable cause to believe that the $113,827.00 in U.S. Currency, the Colt Mustang XSP .380 caliber pistol (S/N: MP01727), the Rossi M88 .38 caliber revolver (S/N: W231730), and the assortment of .380 caliber and 9 mm ammunition are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

8.	Based on the investigation described below, there is probable cause to believe that the Colt Mustang XSP .380 caliber pistol (S/N: MP01727) and the Rossi M88 .38 caliber revolver (S/N: W231730) are also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11).

9.	On June 2, 2025, United States Probation Officer (PO) C. Mauney conducted a home visit of Erik Alberto TELLEZ at his residence located at 1698 Thompson Drive, Winston-Salem, North Carolina, which TELLEZ had registered with Probation.

10.	TELLEZ is on active federal post-release supervision pursuant to the Judgment in a Criminal Case entered on August 28, 2018, in the case, *United States v. Erik Alberto Tellez*, Case No. 1:18-cr-00026 (M.D.N.C.), whereby TELLEZ was convicted of Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). In accordance with the terms and conditions of TELLEZ's

3

supervised release, TELLEZ's person, residence, office, vehicle, or any property under his control are subject to warrantless searches by a United States Probation Officer.

11. Upon approaching the residence, PO Mauney detected the odor of marijuana emitting from the home. PO Mauney knocked on the front door of the home and was met by TELLEZ. TELLEZ allowed PO Mauney into the residence. PO Mauney informed TELLEZ of the apparent odor of marijuana. PO Mauney observed in plain sight two marijuana bongs (water pipes) on the kitchen counter of the residence. TELLEZ walked PO Mauney through the home. PO Mauney observed a large plastic storage trunk with a lock on it sitting in the bathtub of a bathroom in the home. PO Mauney asked TELLEZ about the contents of the trunk. TELLEZ stated that the trunk contained marijuana and cocaine.

12. Based on the apparent presence of narcotics, PO Mauney contacted me and requested assistance with the search. Shortly thereafter, I arrived at the 1698 Thompson Drive residence, and observed the odor of unburnt marijuana emitting from the home. I then walked through the residence with PO Mauney and observed the aforementioned storage trunk, which was now open. I observed what appeared to be marijuana and drug paraphernalia sitting in the trunk. The following is a picture of the storage trunk and its contents as I found them:



13. Due to the odor of marijuana and presence of drug paraphernalia, marijuana, and cocaine, I applied for a search warrant for the residence. I responded to the Forsyth County Magistrate's Office and presented the search warrant to Magistrate Phillip Weiner, who found probable cause and issued the search warrant.

14. While I was applying for the search warrant, ATF TFO E. VanKuren stood by with TELLEZ. Without prompting, TELLEZ stated that his girlfriend had bought a gun, and that she kept the gun with her. TELLEZ implied that he wished to call his girlfriend to ensure that she had the gun, and that the gun was not inside the residence. Based on TELLEZ appearing to want to speak with officers, TFO VanKuren advised TELLEZ of his

5

Miranda rights. TELLEZ was informed to keep his rights in mind as the conversation continued.

15. TFO VanKuren asked TELLEZ if there was a gun inside the residence. TELLEZ responded that there should not be a gun in the residence, and that the gun is usually kept in his girlfriend's vehicle. TFO VanKuren asked TELLEZ when his girlfriend had bought the gun. TELLEZ replied that he did not know, but he remembered seeing the box and knew it was a Colt handgun.

16. TFO VanKuren asked TELLEZ about the storage trunk sitting in the bathtub. TELLEZ stated that the trunk contained marijuana, cocaine, and some scales. TELLEZ stated that he was unsure of the amount of cocaine in the trunk. TELLEZ further stated that he was going to be moving on Friday, and that a friend asked him to hold onto the cocaine because his friend was moving to Winston-Salem, North Carolina. TFO VanKuren asked TELLEZ why he would hold onto the cocaine if he planned on moving that Friday. TELLEZ stated he began smoking marijuana again, but did not elaborate on why he was holding onto the cocaine. TELLEZ stated that he put the cocaine in the Tupperware container sitting in the storage trunk, and then held up his hands trying to demonstrate the amount of cocaine. TELLEZ was unable to say how much cocaine was in there in terms of weight, but admitted to handling the cocaine and referred to it as "soft" meaning it was powder cocaine and not crack.

17. I returned to the residence at 1698 Thompson Drive to execute the search warrant issued by Magistrate Weiner. During the search, officers found approximately 612 grams of marijuana and approximately 24 grams of cocaine in the aforementioned storage

6

trunk sitting in the bathtub. In a spare bedroom of the residence, officers found approximately 1.462 grams of methamphetamine, a Colt Mustang XSP .380 caliber pistol (S/N: MP01727), a Rossi M88 .38 caliber revolver (S/N: W231730), and an assortment of .380 caliber and 9 mm ammunition.

18.     Officers also found a total of $113,827.00 in bulk U.S. Currency, all but $40.00 of which was banded, in various locations in the master bedroom of the residence. A significant portion of the bulk U.S. Currency was comprised of banded stacks of $100 bills stored in a white plastic shopping bag located in the closet. Another significant portion of the bulk U.S. Currency was comprised of banded stacks of $100 bills stored in a white CVS plastic shopping bag located in a black storage tote also in the closet. The following are pictures of those amounts of U.S. Currency, taken by law enforcement at the time of the search.



7



19.     Law enforcement also found a significant portion of the bulk U.S. Currency in a safe located in the master bedroom. The U.S. Currency was in banded stacks of $100 bills with each stack kept in a separate drawstring bag. The following are pictures of the bulk U.S. Currency found in the safe, taken by law enforcement at the time of the search.



8

20.     Additional U.S. Currency was found in stacks located in two dresser drawers along with some loose U.S. Currency sitting on the dresser, in the master bedroom. The following are pictures of the U.S. Currency found in and on the dresser, taken by law enforcement at the time of the search.





9

21. TELLEZ and the seized U.S. Currency, narcotics, firearms, and ammunition were transported to WSPD headquarters for processing.

22. Samples of the suspected cocaine and methamphetamine gathered during the search were sent to the DEA laboratory which determined the samples tested positive.

23. On June 4, 2025, the Colt Mustang XSP .380 caliber pistol (S/N: MP01727), the Rossi M88 .38 caliber revolver (S/N: W231730), and the assortment of .380 caliber and 9 mm ammunition were taken to the ATF Greensboro evidence vault.

24. On June 15, 2025, the U.S. Currency subsequently was transported to Truist Financial Corporation in Winston-Salem, North Carolina, where it was counted and converted into a cashier's check in the amount of $113,827.00, made payable to the United States Marshal Service. The check was subsequently delivered to the United States Marshal Service, which deposited the check into its Seized Asset Deposit Fund Account.

25. TELLEZ was transported to the Forsyth County Magistrate's Office and charged with Possession with Intent to Manufacture, Sell, and Deliver Cocaine in violation of N.C. GEN. STAT. §90-95(A), Felony Possession of Marijuana in violation of N.C. GEN. STAT. § 90-95(D)(4), Possession with Intent to Manufacture, Sell, or Deliver Marijuana in violation of N.C. GEN. STAT. §90-108(A)(1), Felony Maintaining a Vehicle, Dwelling, or Place for a Controlled Substance in violation of N.C. GEN. STAT. § 90-108(A)(7), Possession of Marijuana Paraphernalia in violation of N.C. GEN. STAT. § 90-113.22A, and Possession of Drug Paraphernalia in violation of N.C. GEN. STAT. § 90-113.22. *See State of North Carolina v. Erik Alberto Tellez*, Case No. 25CR324368-330, District Court for Forsyth County, North Carolina. TELLEZ was separately charged with Possession of a

10

Firearm by a Convicted Felon in violation of N.C. GEN. STAT. § 14-415.1. *See State of North Carolina v. Erik Alberto Tellez*, Case No. 25CR324374-330, District Court for Forsyth County, North Carolina. The criminal cases against TELLEZ remain pending.

26. TELLEZ has prior convictions related to the sale and/or distribution of illegal drugs. In 2008, a jury found TELLEZ guilty of Possession with the Intent to Sell and Deliver Cocaine in violation of N.C. GEN. STAT. § 14-415.1. § 90-95(a), Trafficking in Cocaine in violation of N.C. GEN. STAT. § 14-415.1. § 90-95(H)(3), and Trafficking Cocaine by Possession in violation of N.C. GEN. STAT. § 14-415.1. § 90-95(H)(3). *See State of North Carolina v. Erik Alberto Tellez*. In 2018, TELLEZ, pursuant to a guilty plea, was convicted by the U.S. District Court for the Middle District of North Carolina of Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See United States v. Erik Alberto Tellez*, Case No. 1:18-cr-00026.

27. ATF adopted the seizure of $113,827.00 in U.S. Currency, the Colt Mustang XSP .380 caliber pistol (S/N: MP01727), the Rossi M88 .38 caliber revolver (S/N: W231730), and the assortment of .380 caliber and 9 mm ammunition, and began administrative forfeiture proceedings. Notice of the forfeiture proceeding was posted on the Internet at www.forfeiture.gov for a period of 30 days commencing on July 7, 2025, through August 5, 2025.

28. On August 4, 2025, ATF received a claim to the Colt Mustang XSP .380 caliber pistol (S/N: MP01727), the Rossi M88 .38 caliber revolver (S/N: W231730), and the assortment of .380 caliber and 9 mm ammunition from Carrie McKenzie. In her

11

administrative claim, Ms. McKenzie alleged that she is the owner of the firearms and ammunition, and attached a bill of sale for the firearms.

29. On August 4, 2025, ATF received a claim to the $113,827.00 in U.S. Currency from TELLEZ. In his administrative claim, TELLEZ stated that he has "business receipts from a [sic] selling puppies as Tsunami Kennels LLC a state registered business."

30. Upon receipts of the claims, ATF terminated the administrative forfeiture process and referred the service of the $113,827.00 in U.S. Currency, the Colt Mustang XSP .380 caliber pistol (S/N: MP01727), the Rossi M88 .38 caliber revolver (S/N: W231730), and the assortment of .380 caliber and 9 mm ammunition to the United States Attorney's Office for judicial forfeiture.

CONCLUSION

31. Based on the foregoing, there is probable cause to believe that the defendants $113,827.00 in U.S. Currency, Colt Mustang XSP .380 caliber pistol (S/N: MP01727), Rossi M88 .38 caliber revolver (S/N: W231730), and an assortment of ammunition constitute or are derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense, including but not limited to the sale or exchange of a controlled substance in violation of state and federal law, and are therefore subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

32. Based on the foregoing, there also is probable cause to believe that the defendants $113,827.00 in U.S. Currency, Colt Mustang XSP .380 caliber pistol (S/N: MP01727), Rossi M88 .38 caliber revolver (S/N: W231730), and an assortment of

ammunition were (1) furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C §§ 801 et seq., or represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate violation of the Controlled Substances Act, or (2) were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C § 881(a)(1) or (2), and any proceeds traceable to such property, and are therefore subject to seizure and forfeiture pursuant to 21 U.S.C. § 881(a)(6).

33.     Based on the foregoing, there also is probable cause to believe that the defendants Colt Mustang XSP .380 caliber pistol (S/N: MP01727) and Rossi M88 .38 caliber revolver (S/N: W231730) are firearms (as defined in section 921 of title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C § 881(a)(1) or (2), or are proceeds traceable to such property, and are therefore subject to seizure and forfeiture pursuant to 21 U.S.C. § 881(a)(11).

This the _30ᵗ_ day of _April_ , 2026.


Matthew La Valley
Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms and Explosives

13